# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RAYVON BOATMAN,**

    **Plaintiff,**

vs.                                                    Case No.: 4:05cv33-RH/WCS

**JAMES V. CROSBY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendant Crosby removed this case to this Court on January 27, 2005, doc. 1, and on February 8, 2005, the *pro se* Plaintiff was ordered to file an amended complaint. Doc. 3.  After being given several extensions of time, docs. 4-5, 7-9, Plaintiff filed his amended complaint, doc. 10, on June 9, 2005.  Plaintiff's amended complaint should not have been filed by the Clerk's Office because Plaintiff did not attach a certificate of service indicating it was served on Defendant Crosby.  Nevertheless, the document was filed and is now before the Court.

Plaintiff is a prisoner currently confined in the Florida State Prison.  Plaintiff is a frequent filer in federal and state courts.  Plaintiff has not provided a listing of his prior cases, however.  Instead, in response to each of the four questions about prior cases, Plaintiff wrote on the form, "please see attachment(s)" and then wrote comments such

as "can't provide what I don't have" or "I don't have every prior case number to provide." Doc. 10.

    This is not sufficient. It is Plaintiff's responsibility to keep up with the cases he has litigated. This Court is not a secretary or historian for Plaintiff's prior cases, especially where Plaintiff also litigated cases in state court. Also, Plaintiff did not provide the attachments to give even a cursory listing of his prior cases. Third, Plaintiff indicates on the complaint form that he has initiated other actions in both state and federal court cases "dealing with the same or similar facts/issues involved in this action." Plaintiff's default in listing his prior cases prevents this Court from determining whether this case is barred under the *res judicata* doctrine.

    Plaintiff is aware of the obligation to list these cases,[1] and such a lackadaisical attitude cannot be tolerated. Judicial notice is taken that as recently as March 9, 2005, Plaintiff had a complaint dismissed in the Middle District of Florida, case number 3:05cv201, in part, because Plaintiff was not entitled to proceed *in forma pauperis* and, additionally, because Plaintiff was employing the tactic used in this case - to direct the court to "attachments" for listing his other cases, but failing to provide the attachments. The undersigned shares the opinion of District Judge Harvey Schlesinger, who stated, "The Court is convinced that Plaintiff <u>understands</u> the severity of not revealing the truth to the Court." Doc. 4 of case 3:05cv201. Plaintiff intentionally provides misleading and incomplete statements in his complaints, and he continues to demonstrate that he is

---

[1] Many of Plaintiff's cases were listed for Plaintiff in orders dismissing two newly filed complaints under § 1915(g) in the Middle District of Florida on February 23, 2005 (doc. 3 of case # 3:05-cv-95) and on March 9, 2005 (doc. 4 of case 3:05-cv-201).

Case No. 4:05cv33-RH/WCS

unwilling to "conform to acceptable standards in approaching this Court." Doc. 4 of case 3:05cv201.

Plaintiff is fully aware of his obligation to list all his cases, to disclose those previously filed cases which concern the issues and facts of the instant case, and he has failed to heed warnings already given to him by another court, as well as this Court. In an order issued on February 8, 2005, in case 4:04cv426, Plaintiff was warned to list all prior cases when he attempted this same tactic. Doc. 12, p. 2, case 4:04cv426-RH/WCS.

This case should be dismissed for Plaintiff's lack of candor and intentionally misleading statements made within court pleadings. When the Court cannot rely on statements made within pleadings or motions, the quality of justice is threatened.[2] *See also* doc. 4 of case 3:05cv201. In line with the approach taken by the Middle District, this case should be dismissed without prejudice for Plaintiff's abuse of the judicial process. If Plaintiff suffered no penalty for his untruthful and misleading answers, presented in a document signed under penalty of perjury, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the complaint form.

In light of the foregoing, it is respectfully **RECOMMENDED** that as an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true

---

[2] A federal court has inherent power to control the judicial proceedings and the conduct of the parties involved. These implied and inherent powers are necessary for "courts to manage their own affairs" and "achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), *quoting* Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962). This power is also necessary to protect the integrity of the judicial system. Chambers, 501 U.S. at 43, 111 S. Ct. at 2132.

factual statements or responses on the complaint form, that this case be **DISMISSED without prejudice** as malicious pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on June 15, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**